UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JUAN CARLOS FAJARDO REYES,

                Petitioner,                      Case No. 1:26-cv-1953

v.                                    Honorable Jane M. Beckering

KEVIN RAYCRAFT,

                Respondent.

_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.      Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.) In an Order entered on July 1, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 7.) Respondent filed his response and a recording of the June 17, 2026, bond hearing on July 7, 2026, (Resp., ECF No. 9; Recording of Jun. 17, 2026, Bond Hearing, filed on Jul. 7, 2026).

## II.    Factual Background

Petitioner is a citizen of Colombia who entered the United States in 2019. (Pet., ECF No. 1, PageID.11.) On November 4, 2025, Petitioner was arrested by ICE agents. (*Id.*)

On May 14, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Fajardo Reyes v. Unknown Party (Fajardo Reyes I)*, No. 1:26-cv-1591 (W.D. Mich.). In *Fajardo Reyes I*, the Court dismissed Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, without prejudice, on the basis that Petitioner had failed to exhaust his administrative remedies before filing his petition. Op. & Jud., *Fajardo Reyes I*, (W.D. Mich. May 22, 2026), (ECF Nos. 11, 13).

On June 17, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.6; Order Immigration Judge, ECF No. 9-1, PageID.65.) At the conclusion of that hearing, the Immigration Judge denied Petitioner's request for bond in a written order, stating: "[Petitioner] was ordered removed and his application for relief was denied. The [Petitioner's] case is currently on appeal before the BIA. The [Petitioner] is a flight risk. No bond is sufficient to mitigate the flight risk." (Order Immigration Judge, ECF No. 9-1, PageID.65.)

## III.    Analysis

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on June 17, 2026. The Detroit Immigration Court denied Petitioner's request for a bond, that "[t]he [Petitioner] is a flight risk." (Order Immigration Judge, ECF No. 9-1, PageID.65.) In his § 2241 petition, Petitioner challenges the findings of the Detroit Immigration Court as related to the denial of his bond, arguing that "the record fails to establish that Petitioner

2

presents either a danger to the community or a genuine flight risk" and that "[t]he custody determination failed to adequately consider substantial evidence demonstrating that Petition is not a flight risk." (Pet., ECF No. 1, PageID.10, 15.) Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 9, PageID.50–53.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the

3

proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision. Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment.[1] Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. Petitioner's appeal to the BIA remains pending. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.[2]

Dated:    July 23, 2026            /s/ Jane M. Beckering
                          Jane M. Beckering
                          United States District Judge

---

[1] To the extent that Petitioner claims that the that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing, based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing.

[2] Because the Court will dismiss Petitioner's § 2241 petition as set forth herein, Petitioner's motions (ECF Nos. 2, 3) seeking relief during the pendency of this action are moot.